# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALBERTO PEREZ-PEREZ,<br><br>    Plaintiff-Petitioner,<br><br>v.<br><br>MERRICK GARLAND, *et al.*,<br><br>    Defendants-Respondents. | Case No. 24-cv-00839-BAS-VET<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); AND**<br><br>**(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

    Petitioner Carlos Alberto Perez-Perez was arrested on an out-of-district warrant from the Western District of Texas. (Case No. 24-mj-283-DEB, ECF No. 1.) He now files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner has also filed a request to proceed *in forma pauperis*. (ECF No. 2.) Petitioner cannot afford the filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed *in forma pauperis*. (ECF No. 2.)

    As to the Petition, Defense counsel moved in the criminal matter to dismiss the out-of-district complaint, arguing it was not valid because it was not sworn under penalty of perjury as required by Ninth Circuit, but not Fifth Circuit precedent.

*Compare United States v. Vargas-Amaya*, 389 F.3d 901, 904 (9th Cir. 2004) (providing district court's jurisdiction to revoke supervised release could be extended beyond the term of supervised release, based upon a warrant issued during the term of supervision, only if the warrant was based on sworn facts), *with United States v. Garcia-Avelino*, 444 F.3d 444.446 (5th Cir. 2006) (holding warrant for arrest of supervised released not required to be supported by oath or affirmation). (Case No. 24-mj-283-DEB, ECF No. 14.) The Government responded (*id.*, ECF No. 16), and the Magistrate Judge denied the Motion, finding any challenge to the validity of the warrant should be made in the district that issued the warrant (*id.*, ECF Nos. 17, 27).

The Magistrate Judge then set the matter for an identity and removal hearing on May 16, 2024. (*Id.*, ECF No. 21.) On May 10, 2024, defense counsel filed this Petition alleging Petitioner's probation expired on April 4, 2024, and because the warrant issued out of the Western District of Texas on December 18, 2023, is invalid—because it was not supported by oath or affirmation—Petitioner is being held without cause. (ECF No. 1.)

This Court finds the Magistrate Judge is properly complying with Federal Rule of Criminal Procedure 32.1. Any additional challenges to the detention should be raised in the Western District of Texas. Hence, the Petition is **DENIED**, and the Clerk is directed to close the case.

IT IS SO ORDERED.

DATED: May 16, 2024

Hon. Cynthia Bashant
United States District Judge